UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**        'O'

| Case No. | 2:13-cv-06369-CAS(MRWx) | Date | January 5, 2015 |
|---|---|---|---|
| Title | GILBERT A. MARTINEZ V. OLD DOMINION FREIGHT LINE INC. ET AL. | | |

Present: The Honorable        CHRISTINA A. SNYDER

| Catherine Jeang | Laura Elias | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:        Attorneys Present for Defendants

Araceli Lerma        Allison Eckstrom

**Proceedings:**        DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR ALTERNATIVELY, MOTION FOR PARTIAL SUMMARY JUDGMENT (dkt. 25, filed November 25, 2014)

## I.        INTRODUCTION

On July 8, 2013, plaintiff Gilbert A. Martinez filed suit against defendants Old Dominion Freight Line, Inc. ("Old Dominion" or "defendant") and Does 1 to 10 in Los Angeles County Superior Court. Dkt. 1. The complaint asserts claims for (1) discrimination based on disability and engaging in protected activity in violation of California's Fair Employment and Housing Act, Cal. Govt. Code § 12900, et seq. ("FEHA"); (2) retaliation in violation of FEHA; (3) failure to prevent discrimination in violation of FEHA; (4) failure to make reasonable accommodation in violation of FEHA; (5) failure to engage in the interactive process in violation of FEHA; (6) wrongful termination in violation of public policy; and (7) negligent supervision. See generally Compl. In brief, plaintiff alleges that Old Dominion terminated his employment because he was rendered disabled as a result of a car accident.

On August 30, 2013, Old Dominion timely removed the action to this Court on the basis of diversity jurisdiction. Dkt. 1.[1] Old Dominion subsequently filed a motion for summary judgment or, in the alternative, partial summary judgment on November 25, 2014. Dkts. 25-27. Plaintiff opposed the motion on December 15, 2014, dkts. 29-32, and

---

[1] Old Dominion was served with the summons and complaint on August 2, 2013. Dkt. 1, Ex. A.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**            'O'

| Case No. | 2:13-cv-06369-CAS(MRWx) | Date | January 5, 2015 |
|---|---|---|---|
| Title | GILBERT A. MARTINEZ V. OLD DOMINION FREIGHT LINE INC. ET AL. | | |

Old Dominion replied on December 22, 2014, also filing evidentiary objections to plaintiff's declaration, dkt. 35.  The Court held a hearing on January 5, 2014.  Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.    BACKGROUND

Except where otherwise noted, the following relevant facts are not in dispute.  In April 2008, Old Dominion hired plaintiff as an Outbound Supervisor of freight operations, after which he was promoted to Operations Manager in 2009.  Plaintiff's Response to Defendants' Undisputed Facts ("PRDUF") ¶ 1.  As an Operations Manager, plaintiff was responsible for supervising certain freight operations at Old Dominion's Carson/Long Beach facility.  Id. ¶ 2.  When plaintiff's employment was terminated in 2011, Gerardo Avila was his direct supervisor.  Avila Depo. 16: 18-19.

On February 2, 2010, plaintiff was issued a written Corrective Interview by Old Dominion relating to perceived attendance issues.  Declaration of Ken Ludwig ("Ludwig Decl.") ¶ 4, Ex. D.[2]  In pertinent part, the February 2010 Corrective Interview states:

REASON FOR INTERVIEW

There have been several occasions that you have either been late to work or called in or off at the last minute.  You are setting a very poor example.

INSTRUCTIONS GIVEN

You need to be at work on time every day.

ACTION TAKEN

Written warning

---

[2] Ken Ludwig is currently the Vice President of Human Resources for Old Dominion.  Ludwig Decl. ¶ 1.  Ludwig testifies that it is Old Dominion's practice "to document in writing when an employee violates company policy."  Id. ¶ 4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                'O'

| Case No. | 2:13-cv-06369-CAS(MRWx) | Date | January 5, 2015 |
|---|---|---|---|
| Title | GILBERT A. MARTINEZ V. OLD DOMINION FREIGHT LINE INC. ET AL. | | |

Ludwig Decl., Ex. D (emphasis in original).  The Corrective Interview is signed by both plaintiff and his former supervisor, Bob Pearson.  Id.[3]  Between September 2008 and December 2010, plaintiff received four other written Corrective Interviews and/or Safety Warnings that were unrelated to attendance issues.  Id. ¶ 4, Exs. B, C, E, F.

On May 11, 2011, plaintiff was involved in a car accident while driving to work. PRDUF ¶ 21.  On May 12, 2011, plaintiff's direct supervisor, Gerardo Avila, received written notice that plaintiff had been admitted to the hospital and that his treating physician, Dr. Jeffrey Unger, had ordered plaintiff off work through May 22, 2011.  Id. ¶ 22; Ludwig Decl. ¶ 5, Ex. G (note from clinical social worker dated May 12, 2011).  Old Dominion subsequently received and approved two additional requests by plaintiff to extend his leave of absence through June 28, 2011.  PRDUF ¶ 23; Ludwig Decl. ¶5, Exs. H, I (notes from Dr. Unger).

On May 10, 2011, the day before plaintiff's car accident, plaintiff told Gregory Byrne, another Operations Manager at the Carson/Long Beach facility and plaintiff's

---

[3] In plaintiff's opposition to Old Dominion's statement of undisputed facts, plaintiff asserts that the February 2010 Corrective Interview "lacks foundation."  PRDUF ¶ 13.  In support, plaintiff quotes his own declaration—filed in connection with his opposition to the instant motion—in which plaintiff states that he does "not recall having been given a written warning on February 2, 2010 regarding reporting late to work or calling in or off at the last minute."  Martinez Decl. ¶ 7.  Plaintiff's objection to the February 2010 Corrective Interview is without merit.  Old Dominion's Vice President of Human Resources has testified that the February 2010 Corrective Interview "is a true and correct" copy of the original, Ludwig Decl. ¶ 4, and plaintiff has not raised a "genuine question . . . about the original's authenticity," Fed. R. Evid. 1003.  As discussed in greater detail infra, plaintiff may not create an issue of disputed fact solely by proffering uncorroborated, self-serving testimony.  Villiarimo v. Aloha Island Air, Inc., 281 F. 3d 1054, 1061 (9th Cir. 2002) ("[T]his court has refused to find a 'genuine issue' where the only evidence presented is 'uncorroborated and self-serving' testimony.").  Further, the Court is satisfied that the February 2010 Corrective Interview falls within the business records exception to the rule against hearsay.  See Fed. R. Evid. 803(6); Ludwig Decl. ¶¶ 1, 4.  Accordingly, the Court treats both the existence and contents of the February 2010 Corrective Interview as undisputed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    'O'

| Case No. | 2:13-cv-06369-CAS(MRWx) | Date | January 5, 2015 |
|----------|-------------------------|------|-----------------|

| Title | GILBERT A. MARTINEZ V. OLD DOMINION FREIGHT LINE INC. ET AL. |
|-------|-------------------------------------------------------------|

former supervisor, that he had been threatened by another Old Dominion employee, Dexter Bailey. See Martinez Depo. I 117:1-118:25.[4]  As a result of this report, Byrne ordered Bailey home for the day, PRDUF ¶ 16, and plaintiff testified that he heard Byrne give this order to Bailey, Martinez Depo. 118:14-18.  According to Avila, when he arrived at work on May 11, 2011, he was informed by other employees that plaintiff had widely discussed the incident involving Bailey that had occurred the night before, including the fact that Bailey had been "disciplined."  Defendants' Undisputed Facts ("DUF") ¶ 17.  Plaintiff maintains that he was not aware of any "discipline" meted out to Bailey.  PRDUF ¶ 17.  Following the Bailey incident, a Corrective Interview was prepared for plaintiff, which identified the "date incident occurred" as May 10, 2011. PRDUF ¶ 18.[5]

Plaintiff returned to work as an Operations Manager on or about July 6, 2011. DUF ¶ 26.[6]  On that date, plaintiff met with Avila to discuss the May 10, 2011 Corrective Interview.  PRDUF ¶ 18.  During that meeting, Avila provided plaintiff with the May 10, 2011 Corrective Interview, which stated that the "reason for the interview" was "[d]isseminating confidential information regarding discipline of an employee.  You told

---

[4] Martinez was deposed on two occasions.  The Court refers to testimony from the first as "Martinez Depo. I," and testimony from the second as "Martinez Depo. II."

[5] Although plaintiff asserts that this fact is disputed, plaintiff actually disputes who prepared the May 10, 2011 Corrective Interview—Byrne or Avila—and when, not whether it was prepared or the date contained therein.  See PRDUF ¶ 18.  With regard to who prepared the form and when, Avila testified that he did not recall the exact date that it was prepared, and that he "believe[d] [he] had Greg [Byrne] type it up for [him]," Avila Depo. 43:5-14, since at that point in time, Avila "delegated a lot of that stuff to [Byrne]," id. 53:17-18.  Byrne recalled the general nature of the Bailey incident, but could not recall the approximate date on which it occurred or whether any "discipline" had resulted from it; he also did not recall seeing the May 10, 2011 Corrective Interview or being asked to type it for Avila.  Byrne Depo. 10:11-13:15.

[6] Plaintiff asserts that he actually returned to work on June 28, 2011, and that his deposition testimony to the effect that he returned to work on July 6, 2011 was mistaken. Martinez Decl. ¶ 12.  The date upon which plaintiff returned to work does not appear to be relevant to the instant motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**                    **'O'**

| Case No. | 2:13-cv-06369-CAS(MRWx) | Date | January 5, 2015 |
|----------|--------------------------|------|------------------|
| Title | GILBERT A. MARTINEZ V. OLD DOMINION FREIGHT LINE INC. ET AL. | | |

dock workers and Drivers about the incident involving Dexter Bailey.  It is his right to have information regarding his discipline to be kept confidential."  PRDUF ¶ 19.

Also during the July 6, 2011 meeting, plaintiff testified that he advised Avila that he had certain work restrictions upon returning from his medical leave.  Plaintiff's Additional Material Facts ("PAMF") ¶ 54.  During his deposition, plaintiff testified that these restrictions included "[n]o excessive walking or standing or sitting too long and to break whenever I needed a break so I wouldn't be standing."  Martinez Depo. I 139:6-9.  According to Martinez, he provided Avila with physical documentation of these restrictions.  Id. 139:10-16.[7]  Avila, however, does not recall discussing any work restrictions with Martinez, Avila Depo. 42:4-10, 44:4-5, Old Dominion has no documentation of the restrictions in Martinez's personnel file, Ludwig Decl. ¶ 7, and although Martinez testified that he made copies of the documentation, he no longer has the copies and did not produce them in this action, Martinez Depo. I 139:17-23.

Although plaintiff returned to work on July 6, 2011 as an Operations Manager, Martinez Depo. I 169:24-170:1, he testified that his position had been filled and he was excluded from "meetings, training, and any discussion of things that were happening in the terminal or in the dock," id. 169:8-19.  Plaintiff further testified that he believed this occurred as a result of disability discrimination, since "it was obvious and apparent" to plaintiff that Avila "was upset" that he had been on medical leave.  Id. 169:8-11.  Martinez also asserts that on July 8, 2011, Avila told him he was "terminated" for allegedly arriving to work late, stating that he needed someone "dependable."  Id. 163:11-24.  Avila, however, testified that he never made this statement regarding termination, but recalled discussing plaintiff's dependability with him "on more than one occasion."

---

[7] In his deposition, plaintiff testified to having the following conversation with Avila on July 6, 2011: "Q.  Do you recall handing the piece of paper [containing the work restrictions] to Mr. Avila?  A.  Yes.  Q.  Okay.  And what was Mr. Avila's response?  A.  He said that – oh, he asked, he said, 'So you're 100 percent?'  And I said, 'No, I'm not.'  And then he said – that was it.  And then he said, 'Here's a write-up.  I have unfinished business with you,' and – yeah.  Something to that effect.  Q. Did Mr. Avila say anything about the work restrictions?  A.  Not that I recall, other than what I just stated."  Martinez Depo. I 40:13-25.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:13-cv-06369-CAS(MRWx) | Date | January 5, 2015 |
| --- | --- | --- | --- |
| Title | GILBERT A. MARTINEZ V. OLD DOMINION FREIGHT LINE INC. ET AL. | | |

Avila Depo. 72:9-16.  Avila also testified to verbally discussing plaintiff's attendance issues, such as arriving late, with plaintiff prior to his medical leave.  Id. 23:21-24:9.

On July 15, 2011, plaintiff's employment was terminated for the stated reason of "leaving work without permission."  Ludwig Decl. Ex. J (HR Change Request Form). According to Avila, earlier that week he called into the Carson/Long Beach facility near closing time to discuss that day's progress with plaintiff, an upper manager, and learned that plaintiff had already left for the day.  Avila Depo. 60:10-17.  Avila asserts that plaintiff denied leaving early and, when Avila told plaintiff that security video from the evening in question indicated that plaintiff was lying, plaintiff changed the time he left. See Id. 62-64.  Plaintiff denies lying to Avila, and asserts that the video only showed a "discrepancy of a few minutes" between the time he had given Avila and the time he actually left.  PAMF ¶ 6.  The dates of the underlying incident and subsequent conversations between Avila and plaintiff are unclear.  Plaintiff believes the underlying incident occurred on July 14, 2011, but Avila contends that it could not have occurred then, since he briefly suspended plaintiff before ultimately deciding to terminate his employment on July 15, 2011.  Plaintiff, in turn, denies having been suspended.

## III.   LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment.  See Celotex Corp. v.Catrett,  477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e).  The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit."  Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324.  Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    **'O'**

| Case No. | 2:13-cv-06369-CAS(MRWx) | Date | January 5, 2015 |
|----------|--------------------------|------|------------------|
| Title | GILBERT A. MARTINEZ V. OLD DOMINION FREIGHT LINE INC. ET AL. | | |

the burden of proof at trial." Id. at 322; see also Abromson v. Am. Pac. Corp., 114 F. 3d 898, 902 (9th Cir.1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n. 3 (9th Cir.1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir.1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

## IV.    ANALYSIS

As a preliminary matter, the Court addresses Old Dominion's objections to plaintiff's declaration. In its reply, defendant urges the Court to strike the entire declaration pursuant to the "sham affidavit rule." Reply at 1. "This sham affidavit rule prevents a party who has been examined at length on deposition from rais[ing] an issue of fact simply by submitting an affidavit contradicting his own prior testimony, which would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact." Yeager v. Bowlin, 693 F.3d 1076, 1080 (9th Cir. 2012).

Old Dominion asserts that the declaration is a "sham" because plaintiff testified more than 200 times that he could "not recall" information during his deposition, and the clarity of plaintiff's declaration "exemplifies a degree of memory recall that is nothing short of miraculous." Reply at 1. Old Dominion relies on Yaeger, where the court affirmed the lower court's decision to strike the plaintiff's declaration since plaintiff "remember[ed] almost nothing about the events central to the case during his deposition, but suddenly recall[ed] those same events with perfect clarity in his declaration in opposition to summary judgment without any credible explanation as to how his recollection was refreshed." 693 F.3d 1076 at 1080. In light of this, the Yaeger court upheld the district court's finding that the disparity between the testimony was "so extreme that the court must regard the differences between the two as contradiction." Id. at 1081.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    **'O'**

| Case No. | 2:13-cv-06369-CAS(MRWx) | Date | January 5, 2015 |
|----------|------------------------|------|-----------------|
| Title | GILBERT A. MARTINEZ V. OLD DOMINION FREIGHT LINE INC. ET AL. | | |

The Court declines to strike plaintiff's declaration in its entirety. The <u>Yaeger</u> court itself stated that "the sham affidavit rule should be applied with caution because it is in tension with the principle that the court is not to make credibility determinations when granting or denying summary judgment." 693 F.3d at 1080. Moreover, in <u>Yaeger</u> the plaintiff stated that he did not recall the answers to "significant or difficult-to-forget events in the recent past, such as testifying in court or his involvement in a plane crash." <u>Id.</u> In contrast, plaintiff Martinez primarily testifies to conversations that occurred more than three years ago in his former workplace.

The Court thus turns to defendant's twenty-four specific objections to plaintiff's declaration. First, the Court OVERRULES objections 2-13, 18-21, 23, and 24 as moot, since the Court does not rely on the objected-to portions of plaintiff's declaration in ruling on this motion. The Court notes that several of these objections are predicated on defendant's contention that plaintiff's testimony is uncorroborated and self-serving. <u>See</u> Def's Evid. Objs. Nos. 3-13, 18, 23, 24. Defendant is correct, and the Court is aware, that such evidence is insufficient to create a genuine issue of material fact. <u>Villarimo v. Aloha Island Air, Inc.</u>, 281 F. 3d 1054, 1061 (9th Cir. 2002) ("However, this court has refused to find a 'genuine issue' where the only evidence presented is 'uncorroborated and self-serving' testimony." (citing <u>Kennedy v. Applause, Inc.</u>, 90 F.3d 1477, 1481 (9th Cir.1996))).

Second, the Court SUSTAINS objections 1, 16, 17, and 22. The Court agrees that the objected-to testimony is either conclusory or speculative in nature, and thus inadmissible. <u>See</u> <u>Nat'l Steel Corp. v. Golden Eagle Ins. Co.</u>, 121 F.3d 496, 502 (9th Cir. 1997) ("Conclusory allegations . . . without factual support, are insufficient to defeat summary judgment."); <u>Hunt-Wesson Foods, Inc. v. Ragu Food, Inc.</u>, 627 F.2d 919, 928 (9th Cir. 1980) ("[The party opposing summary judgment] is obligated to come forth with more than speculation in order to raise a question of material fact."). The testimony at issue contains conclusory and speculative statements such as "it is clear to me that my former employer . . . is attempting to fabricate my work history and performance," Martinez Decl. ¶ 4, "I believe that Avila prepared the [May 10, 2011 Corrective Interview] form upon my return to work," <u>id.</u> ¶ 16, "I believe that Avila prepared the [May 10, 2011 Corrective Interview] form . . . in order to create a record against me for eventual termination purposes," <u>id.</u> ¶ 17, and "I consider the acts of Avila against me . . . to be discriminatory and retaliatory," <u>id.</u> ¶ 22.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**                    **'O'**

| Case No. | 2:13-cv-06369-CAS(MRWx) | Date | January 5, 2015 |
|---|---|---|---|
| Title | GILBERT A. MARTINEZ V. OLD DOMINION FREIGHT LINE INC. ET AL. | | |

Finally, the Court SUSTAINS objections 14 and 15.  In the former, defendant objects to plaintiff's testimony to the effect that, when plaintiff advised Avila of his work restrictions, "Avila informed me that he needed someone upon whom he could depend to do my job."  Def's Evid. Obj. No. 14; Martinez Decl. ¶ 14.  The Court agrees with defendant that this portion of plaintiff's declaration contradicts his prior deposition testimony.  Specifically, plaintiff previously testified that Avila responded to receipt of the work restrictions as follows: "[Avila] said that – oh, he asked, he said, 'So you're 100 percent?' And I said, 'No, I'm not.'" Martinez Depo. I 40:13-25.  According to plaintiff's deposition testimony, "that was it."  Id.  The Court thus strikes the contradictory portion of plaintiff's declaration pursuant to the sham affidavit rule.  In objection 15, defendant contests plaintiff's testimony that, while he was on medical leave, "Avila assigned Pedro Ruvalcaba, a coworker to replace me as the outbound Operations Manager."  Def's Evid. Objs. No. 15; Martinez Decl. ¶ 15.  The Court agrees that Martinez lacks the requisite foundation to attest to the existence of facts he did not personally perceive.  See Fed. R. Evid. 602; 701.

### A.    Plaintiff's Claim for Employment Discrimination Based on Disability and Engaging in Protected Activity

Plaintiff asserts that defendant terminated his employment because of his disability.  California has adopted the three-stage burden shifting test set forth in McDonnell Douglas v. Green, 411 U.S. 792 (1973).  Guz v. Bechtel Nat'l, Inc., 24 Cal. 4th 317, 354 (2000).  Once the plaintiff has made a prima facie showing of employment discrimination, "the burden then shifts to the employer to offer a legitimate, nondiscriminatory reason for the adverse employment action."  Deschene v. Pinole Point Steel Co., 76 Cal. App. 4th 33, 44 (1999).  If the employer offers such a reason, "plaintiff must offer evidence that the employer's stated reason is either false or pretextual, or evidence that the employer acted with discriminatory animus, or evidence of each which would permit a reasonable trier of fact to conclude the employer intentionally discriminated."  Id.

### 1.    Plaintiff's Prima Facie Case

To establish a *prima facie* case of disability discrimination, plaintiff must show: (1) he suffered from a disability; (2) he was otherwise qualified for his job; and (3) he was terminated because of his disability.  Arteaga v. Brink's, Inc., 163 Cal. App. 4th 327,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**         **'O'**

| Case No. | 2:13-cv-06369-CAS(MRWx) | Date | January 5, 2015 |
|----------|-------------------------|------|-----------------|

| Title | GILBERT A. MARTINEZ V. OLD DOMINION FREIGHT LINE INC. ET AL. |
|-------|---------------------------------------------------------------|

344-45 (2008); McInteer v. Ashley Distribution Servs., Ltd., 2014 WL 4105262, at *8 (C.D. Cal. Aug. 19, 2014). "Numerous courts note that '[t]he prima facie burden is light; the evidence necessary to sustain the burden is minimal.'" McInteer, 2014 WL 4105262, at *9 (quoting Sandell v. Taylor-Listug, Inc.,188 Cal. App. 4th 297, 310 (2010)).

Old Dominion asserts that plaintiff cannot establish that he was "disabled" within the meaning of FEHA. Plaintiff counters that his work restrictions constitute a physical disability.[8] Under FEHA, "the touchstone of a qualifying handicap or disability is an actual or perceived physiological disorder which affects a major body system and limits the individual's ability to participate in one or more major life activities." Cassista v. Cmty. Foods, Inc., 5 Cal. 4th 1050, 1061 (1993). The Legislature has made clear that "'working' is a major life activity, regardless of whether the actual or perceived working limitation implicates a particular employment or a class or broad range of employments." Cal. Gov't Code § 12926.1. Although the definition of disability under FEHA is broader than the definition under federal law, Colmenares v. Braemar Country Club, 29 Cal. 4th 1019, 1030, 1032 (2003), "[i]t is insufficient for [a plaintiff] to simply allege a disability or to identify an injury or physical condition," Gelfo v. Lockheed Martin Corp., 140 Cal. App. 4th 34, 47 (2006). Rather, plaintiff "must demonstrate his injury or physical condition . . . makes 'difficult' the achievement of work or some other major life activity." Lockheed, 140 Cal. App. 4th at 47.

---

[8] In his opposition, plaintiff also asserts that he is disabled because he has heart disease. Opp'n Summ. J. at 4 ("In addition, Mr. Martinez had heart disease, information which was known to Defendant."). Although heart disease is considered a disability under FEHA, Cal. Gov't Code § 12926(c), plaintiff's complaint relies explicitly—and exclusively—on the theory that he was discriminated against due to a disability resulting from injuries sustained in a car accident, see generally Compl. McKinney v. Am. Airlines, Inc., 641 F. Supp. 2d 962, 983 (C.D. Cal. 2009) ("Unless a plaintiff includes allegations in her complaint or informs the defendant before the close of discovery of her intent to rely on previously undisclosed allegations, she may not assert them for the first time in opposing summary judgment."); see Pickern v. Pier 1 Imports (U.S.) Inc., 457 F.3d 963, 968–69 (9th Cir. 2006) (affirming a district court's refusal to consider at the summary judgment stage factual allegations not pled in the complaint). In light of this, the Court does not consider plaintiff's belated allegation that Old Dominion discriminated against him because he was disabled by heart disease.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**             **'O'**

| Case No. | 2:13-cv-06369-CAS(MRWx) | Date | January 5, 2015 |
|----------|-------------------------|------|-----------------|
| Title    | GILBERT A. MARTINEZ V. OLD DOMINION FREIGHT LINE INC. ET AL. | | |

Examining the evidence in the light most favorable to plaintiff, the Court finds that there is a triable issue of fact as to whether plaintiff is actually disabled under the lenient standard of FEHA.[9]  It is undisputed that plaintiff was involved in a serious car accident requiring both hospitalization and an extended medical leave from work.  It is also undisputed that plaintiff's direct supervisor was aware of these facts.  Further, plaintiff testified during his deposition that his doctor extended his medical leave in part because plaintiff lived over 50 miles away from his work site, and the accident rendered it difficult for plaintiff to sit and drive for long periods of time.  See Martinez Depo. II, 247:20-248:13.  Plaintiff also testified that he returned to work with restrictions on sitting, walking, and standing, which were imposed by his treating physician.  Martinez Depo. I 139:10-16; 140:13-25.  Although plaintiff has not produced documentation of these work restrictions—and Old Dominion has no record of them—a jury could rationally conclude that the injuries suffered by plaintiff in the car accident limited his ability to work an thus rendered him disabled within the meaning of FEHA.

With regard to the third element of the *prima facie* case, the Court finds that disputed issues of fact remain as to whether plaintiff was terminated because of his disability.[10]  Although defendant argues that there is no evidence to establish a causal connection between plaintiff's termination and his alleged disability, it is undisputed that defendant terminated plaintiff's employment less than three weeks after he returned from medical leave.  It is also undisputed that defendant was aware that plaintiff was on medical leave due to injuries suffered in a car accident.  At this stage of the McDonnell Douglas analysis, the temporal proximity between plaintiff's protected conduct and his termination—coupled with defendant's knowledge of the protected conduct—suffices to create an inference of a causal connection between these two events.  See Arteaga v. Brink's, Inc., 163 Cal. App. 4th 327, 353 (2008) ("Because the employee's burden of establishing a *prima facie* case . . . is fairly minimal, the temporal proximity between an

---

[9] A plaintiff alleging disability discrimination under FEHA, who is not actually disabled, can also proceed under the theory that he or she was "regarded as" disabled.  Cal. Gov't Code § 12926(k).  Given the Court's determination that there is a genuine dispute as to whether plaintiff was actually disabled, the Court need not reach this issue.

[10] Defendant does not contend that plaintiff was not otherwise qualified for his job, the second element of plaintiff's *prima facie* case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    **'O'**

| Case No. | 2:13-cv-06369-CAS(MRWx) | Date | January 5, 2015 |
|----------|-------------------------|------|-----------------|
| Title | GILBERT A. MARTINEZ V. OLD DOMINION FREIGHT LINE INC. ET AL. | | |

employee's disclosure of his symptoms and a subsequent termination may satisfy the causation requirement at the *first step* of the burden-shifting process." (emphasis in original); Morgan v. Regents of Univ. of Cal., 88 Cal. App. 4th 52, 69 (2000) ("The causal link may be established by an inference derived from circumstantial evidence, such as the employer's knowledge that the [employee] engaged in protected activities and the proximity in time between the protected action and allegedly retaliatory employment decision." (internal quotations and citations omitted)).

### 2.    Defendant's Legitimate Reasons for Terminating Plaintiff's Employment

Once a plaintiff has established a prima facie case for employment discrimination, "the burden shifts to the defendant to [articulate a] legitimate nondiscriminatory reason for its employment decision." Arteaga, 163 Cal. App. 4th at 342-43 (alteration in original). Defendant's burden is "not onerous" and "is generally met by presenting admissible evidence showing the defendant's reason for its employment decision." Wills v. Superior Court, 194 Cal. App. 4th 143, 160 (2011).

Here, defendant has proffered admissible evidence that it terminated plaintiff's employment because he failed to comply with Old Dominion's attendance requirements. See, e.g., Hooker v. Parker Hannifin Corp., 548 Fed. Appx. 368, 370 (affirming that "attendance infractions" constitute non-retaliatory, non-discriminatory reasons for terminating employment). In particular, the HR Change Request form memorializing plaintiff's termination lists the reason for his termination as "[l]eft work without permission," Ludwig Decl. Ex. J, and plaintiff's direct supervisor testified that plaintiff was expected to "work as long as there is work to be done," Avila Depo. 22:11-12. Further, the February 2010 Corrective Interview indicates that plaintiff previously had been admonished for failing to comply with attendance requirements. In light of this evidence of defendant's legitimate reason for terminating plaintiff's employment, the burden shifts to plaintiff to establish that this reason was pretextual.

### 3.    Plaintiff's Showing of Pretext

Once the employer has offered a legitimate, nondiscriminatory reason for the adverse employment action, the "plaintiff must offer evidence that the employer's stated reason is either false or pretextual, or evidence that the employer acted with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    **'O'**

| Case No. | 2:13-cv-06369-CAS(MRWx) | Date | January 5, 2015 |
|---|---|---|---|
| Title | GILBERT A. MARTINEZ V. OLD DOMINION FREIGHT LINE INC. ET AL. | | |

discriminatory animus, or evidence of each which would permit a reasonable trier of fact to conclude the employer intentionally discriminated." Sandell, 188 Cal. App. 4th at 314 (internal quotations and citations omitted) (quoting Faust v. Calif. Portland Cement Co., 150 Cal. App. 4th 864, 866 (2007)); see also Wills, 195 Cal. App. 4th at 160 (describing requirement that plaintiff present "substantial evidence" of pretext to avoid summary judgment). "In demonstrating that an employer's proffered nondiscriminatory reason is false or pretextual, [an employee] cannot simply show that the employer's decision was wrong or mistaken, since the factual dispute at issue is whether discriminatory animus motivated the employer, not whether the employer is wise, shrewd, prudent, or competent . . . . Rather, the [employee] must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable fact finder could rationally find them unworthy of credence, . . . and hence infer that the employer did not act for the [asserted] nondiscriminatory reasons." Id. (quoting Hearsant v. Calif. Dept. of Social Services, 57 Cal. App. 4th 997, 1005 (1997)) (internal quotations and citations omitted).

Plaintiff points to the following weaknesses and inconsistencies in defendant's proffered reason for his termination. First, plaintiff asserts the reason is weak because defendant "is unable to even properly define it." Opp'n at 16. In support, plaintiff notes that the HR Change Request form states that plaintiff was terminated for "leaving work without permission," but asserts that Avila testified that plaintiff was terminated "due to lying about the time he left at a particular time." Id. In full, however, Avila testified that he terminated plaintiff "[b]ecause he lied about the time he left the premises and left the premises without a manager." Avila Depo. 58:3-4. It appears to the Court that the reason for terminating plaintiff as stated on the HR Change Request form is fundamentally consistent with the reason proffered by Avila—namely, both indicate that plaintiff was terminated because he left work before he should have. Further, while the parties dispute how early plaintiff left work on the date in question, it is undisputed that plaintiff left early on that date. See Martinez Decl., ¶ 21 ("The discrepancy [in time] was a matter of a few minutes . . . .").

Second, plaintiff argues that his receipt of an "unfounded write-up" from Avila regarding the Bailey incident, immediately upon plaintiff's return to work from medical leave, renders Old Dominion's legitimate reason for terminating him weak. Opp'n at 17. Plaintiff points to the inconsistent testimony of Avila and Byrne regarding who created the write-up and when, concluding "that Avila prepared that form in anticipation of my

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:13-cv-06369-CAS(MRWx) | Date | January 5, 2015 |
|---|---|---|---|
| Title | GILBERT A. MARTINEZ V. OLD DOMINION FREIGHT LINE INC. ET AL. | | |

return to work . . . in order to create a record against me for eventual termination purposes, and to disguise the discriminatory and retaliatory intent of Old Dominion." Martinez Decl. ¶ 17.  Although the details of both the write-up and the underlying incident documented therein are admittedly unclear, it appears to the Court that they are of little relevance to the instant question: whether Old Dominion's stated reason of terminating plaintiff for leaving work without permission was mere pretext for discriminatory animus.  It is unclear to the Court how the legitimacy of Old Dominion's proffered rationale—which relates to plaintiff's poor attendance—is undermined by a write-up that was not relied upon by Old Dominion in deciding to terminate plaintiff's employment.

Third, plaintiff asserts that the timing of his termination demonstrates pretext, since it occurred less than three weeks after he returned from medical leave and advised Avila that he was not "100%."  Opp'n at 17.  However, while temporal proximity suffices to establish plaintiff's prima facie case for discrimination, "temporal proximity alone is not sufficient to raise a triable issue as to pretext once the employer has offered evidence of a legitimate, nondiscriminatory reason for the termination."  Arteaga, 163 Cal. App. 4th at 353; accord Franco v. Pier 1 Imports, Inc., 372 F. App'x 803, 804-05 (9th Cir. 2010); McInteer v. Ashley Distribution Servs., Ltd., 2014 WL 4105262, at *14 (C.D. Cal. Aug. 19, 2014); Day v. Sears Holdings Corp., 930 F. Supp. 2d 1146, 1187 (C.D. Cal. 2013). "This is especially so where the employer raised questions about the employee's performance before he disclosed his symptoms, and the subsequent termination was based on those performance issues."  Arteaga, 163 Cal. App. 4th at 353 (emphasis in original); accord Day, 930 F. Supp. 2d at 1188 ("Evidence that the employer had been concerned about a problem before the employee engaged in the protected activity undercuts the significance of the temporal proximity") (quoting Smith v. Allen Health Systems, Inc., 302 F.3d 827, 834 (8th Cir. 2002)).  As explained by the California Court of Appeal:

This is not to say that temporal proximity is never relevant in the final step of the McDonnel Douglas test.  In the classic situation where temporal proximity is a factor, an employee has worked for the same employer for several years, has a good or excellent performance record, and then, after engaging in some type of protected activity—disclosing a disability—is suddenly accused of serious performance problems, subjected to derogatory comments about the protected

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:13-cv-06369-CAS(MRWx) | Date | January 5, 2015 |
| Title | GILBERT A. MARTINEZ V. OLD DOMINION FREIGHT LINE INC. ET AL. |

activity, and terminated.  In those circumstances, temporal proximity, <u>together</u> with the <u>other</u> evidence, may be sufficient to establish pretext. [citations].

<u>Arteaga</u>, 163 Cal. App. 4th at 353 (emphasis in original).

Here, it is undisputed that Old Dominion "raised questions" about plaintiff's poor attendance record in February 2010—more than a year before plaintiff's car accident—and ultimately terminated plaintiff for attendance-related issues.  Although plaintiff belatedly asserts that he "do[es] not recall" receiving the February 2010 write-up, Martinez Decl. ¶ 7, as discussed <u>supra</u>, the Court has no reason to doubt the document's authenticity.  In any event, plaintiff's uncorroborated, self-serving statement is not sufficient to create a genuine dispute of material fact.  <u>See</u> <u>Villiarimo</u>, 281 F.3d at 1061.

Moreover, plaintiff's case does not approximate the "classic situation" in which temporal proximity serves as indicia of pretext.  It is undisputed that plaintiff received five Corrective Interviews and / or Safety Warnings between 2008 and 2011—excluding the disputed Corrective Interview involving the Bailey incident.  Although plaintiff attempts to minimize the significance of these interviews and warnings in his declaration, even accepting this post-hoc characterization, plaintiff cannot reasonably dispute that the record is devoid of evidence documenting his "good or excellent" performance.  Indeed, the only evidence proffered by plaintiff is his own self-serving, uncorroborated assertion that the terminal for which he worked in 2009 received a "terminal of the year" award. Martinez Decl. ¶ 7.  Notably, plaintiff does not proffer positive performance reviews, commendations, or other documents from his personnel file that might cast a more positive light on his pre-medical leave job performance.  Further, the record does not suggest that plaintiff was "subjected to derogatory comments" about his protected activity.  As addressed <u>supra</u> with regard to defendant's evidentiary objections, plaintiff's statement in his declaration that Avila told him that he needed someone "dependable" upon receipt of plaintiff's work restrictions directly contradicts plaintiff's deposition testimony about this same conversation.

At argument, plaintiff asserted that the "totality of the circumstances" indicates that defendant "wanted to get rid of him" because he took disability leave, directing the Court to the following evidence: (1) plaintiff's deposition testimony that his desk had been moved when he returned to work; (2) Avila's testimony that plaintiff was "replaced" by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:13-cv-06369-CAS(MRWx) | Date | January 5, 2015 |
| Title | GILBERT A. MARTINEZ V. OLD DOMINION FREIGHT LINE INC. ET AL. | | |

Pedro Ruvalcaba while he was on medical leave; (3) plaintiff's deposition testimony that he was excluded from meetings and trainings and left to "mill around" upon his return from medical leave,  Martinez Depo. I 169:14-19; and (4) plaintiff's testimony that "it was obvious and apparent" to him that Avila was upset that plaintiff took medical leave, id. 169:8-10.

Plaintiff's arguments are not persuasive.  First, the record before the Court does not contain any deposition testimony to the effect that plaintiff's desk was moved upon his return to work.  Second, a review of Avila's complete deposition transcript demonstrates that he did not testify that Ruvalcaba replaced plaintiff while he was on medical leave; to the contrary, Avila testified that Greg Byrne and an employee named Emanuel filled in for plaintiff, and that Ruvalcaba was only hired after plaintiff's termination.  Avila Depo. 61:31-62:9.  Third, when asked in his deposition if he could point to specific meetings or trainings from which he was excluded, plaintiff could not do so.  Martinez Depo. I 170:1-25.  And fourth, plaintiff's perception that Avila was upset with him for taking medical leave, without more, does not support a finding of pretext.  At bottom, plaintiff directs the Court to his own uncorroborated testimony and asserts that this creates a genuine dispute of material fact.  It does not.

In sum, plaintiff has not offered "substantial evidence" of such "weaknesses, implausibilities, inconsistencies, or contradictions" in Old Dominion's proffered, legitimate reason for terminating his employment sufficient for a jury to infer that this reason was merely pretext for Old Dominion's discriminatory intent.  Because plaintiff has not made the requisite showing of pretext, the Court GRANTS defendant's motion for summary judgment on plaintiff's claim for employment discrimination on the basis of disability or engaging in protected conduct.

### B.    Plaintiff's Claim for Retaliation in Violation of FEHA

In his second cause of action, plaintiff alleges that he was retaliated against because he took medical leave.  As with FEHA discrimination claims, California courts analyze retaliation claims pursuant to the McDonnell Douglas burden-shifting framework.  Yanowitz v. L'Oreal USA, Inc., 36 Cal. 4th 1028, 1042 (2005).  To establish a prima facie case, a plaintiff must establish that he (1) engaged in a protected activity, (2) his employer subjected him to an adverse employment action, and (3) a causal link existed between the protected activity and the adverse employment action.  Id.  If the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:13-cv-06369-CAS(MRWx) | Date | January 5, 2015 |
|----------|--------------------------|------|------------------|
| Title | GILBERT A. MARTINEZ V. OLD DOMINION FREIGHT LINE INC. ET AL. | | |

employer proffers a legitimate, non-retaliatory reason for the adverse employment action, the burden shifts back to the plaintiff to prove pretext. Id.

The Court finds that plaintiff's retaliation claim fails for substantially the same reasons as plaintiff's discrimination claim—namely, plaintiff has not presented sufficient evidence from which a reasonable juror could infer that defendant's rationale for terminating plaintiff's employment was pretextual.[11]  Accordingly, the Court GRANTS defendant's motion for summary judgement on plaintiff's retaliation claim.

### C.    Plaintiff's Claim for Failure to Prevent Discrimination and Retaliation in Violation of FEHA

The Court finds that plaintiff's third claim for failure to prevent discrimination and retaliation fails as a mater of law.  Under FEHA, it is an unlawful for an employer "to fail to take all reasonable steps necessary to prevent discrimination . . . from occurring."  Cal. Gov. Code § 12940(k); see also Cal. Gov't Code § 12940(i).  As one appellate court reasoned, "[t]here's no logic that says an employee who has not been discriminated against can sue an employer for not preventing discrimination that didn't happen, for not having a policy to prevent discrimination when no discrimination occurred . . . " Trujillo v. N. Cnty. Transit Dist., 63 Cal. App. 4th 280, 289 (998) (affirming trial court's conclusion that, in absence of finding of discrimination, employee may not maintain private cause of action for failure to prevent discrimination); see also, Carter v. California Dep't of Veterans Affairs, 38 Cal. 4th 914, 925 n4 (2006) ("[C]ourts have required a

---

[11] Plaintiff argues that he was subject to three adverse employment actions—the May 10, 2011 Corrective Interview, his threatened termination on July 8, 2011, and his eventual termination, see Opp'n Summ. J. at 20.  The only evidence that plaintiff was threatened with termination on July 8, 2011 is his own uncorroborated testimony, and plaintiff does not explain how the May 10, 2011 Corrective Interview constitutes an adverse employment action within the meaning of FEHA.  See Ludovico v. Kaiser Permanente, 2014 WL 3725720, at *15 (N.D. Cal. July 25, 2014) ("Not every employment action which can be construed as "adverse" is actionable under either Title VII or FEHA.  Rather, a plaintiff must show that a reasonable employee would have found the challenged action materially adverse . . .." (internal citation and quotation omitted)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    **'O'**

| Case No. | 2:13-cv-06369-CAS(MRWx) | Date | January 5, 2015 |
|----------|-------------------------|------|-----------------|
| Title | GILBERT A. MARTINEZ V. OLD DOMINION FREIGHT LINE INC. ET AL. | | |

finding of actual discrimination or harassment under FEHA before a plaintiff may prevail under section 12940, subdivision(k).").  Because plaintiff has failed to establish the requisite predicate acts for his failure to prevent claim—namely, that he suffered retaliation or discrimination—the Court GRANTS defendant's motion for summary judgment on this claim.

D.    **Plaintiff's Claim for Failure to Make Reasonable Accommodation in Violation of FEHA**

Plaintiff asserts that Old Dominion failed to provide him with a reasonable accommodation for his disability in violation of Cal. Gov't Code § 12950(m).  "The elements of a failure to accommodate claim are (1) the plaintiff has a disability under the FEHA, (2) the plaintiff is qualified to perform the essential functions of the position, and (3) the employer failed to reasonably accommodate the plaintiff's disability."  Scotch v. Art Inst. of California Orange Cnty., Inc., 173 Cal. App. 4th 986, 1009 (2009).

Plaintiff's accommodation claim fails because he has not presented any evidence whatsoever indicating that Old Dominion or Avila refused to comply with plaintiff's work restrictions.  Indeed, when asked in his deposition whether Avila told him that it would be a problem to abide by the work restrictions, plaintiff responded "Not that I recall."  Martinez Depo. I 141:12-15.  Because plaintiff has not demonstrated a genuine issue of material fact with regard to his failure to accommodate claim, the Court GRANTS Old Dominion's motion for summary judgment.

E.    **Plaintiff's Claim for Failure to Engage in the Interactive Process in Violation of FEHA**

Plaintiff contends that Old Dominion failed to engage in the interactive process, as required by Cal. Gov't Code § 12950(n).  Pursuant to section 12950(n), an employer is required "to engage in a timely, good faith, interactive process with the employee . . . with a known physical . . . disability or known medical condition." "The 'interactive process' required by the FEHA is an informal process with the employee or the employee's representative, to attempt to identify a reasonable accommodation that will enable the employee to perform the job effectively."  Scotch, 173 Cal. App. 4th at 1013. Where the "disability, resulting limitations, and necessary reasonable accommodations are not open, obvious, and apparent to the employer, . . . the initial burden rests primarily

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**            **'O'**

| Case No. | 2:13-cv-06369-CAS(MRWx) | Date | January 5, 2015 |
|---|---|---|---|
| Title | GILBERT A. MARTINEZ V. OLD DOMINION FREIGHT LINE INC. ET AL. | | |

upon the employee . . . to specifically identify the disability and resulting limitations, and to suggest the reasonable accommodations." Id.

The Court finds that plaintiff's claim fails because, as discussed supra, he has not presented evidence that Old Dominion refused to accommodate his work restrictions, let alone to engage in a discussion about them. Although plaintiff asserts that this claim survives summary judgment because he "has set forth facts supporting his claim that he advised Avila of his work restrictions and condition, which Avila ignored," Opp'n at 22, the record does not support plaintiff's assertion. First, as discussed above, plaintiff testified that he did not recall Avila having a problem with his work restrictions. Second, although plaintiff now asserts that, upon apprising Avila of these restrictions, Avila "informed [him] that he needed someone upon whom he could depend to do [his] job," Martinez Decl. ¶ 14, this testimony directly contradicts plaintiff's prior deposition testimony and thus the Court does not consider it pursuant to the sham affidavit rule, discussed supra. Perhaps more fundamentally, the Court notes that plaintiff has not provided a description of his duties as an Operations Manager, and thus the Court has no basis from which to conclude what sort of accommodations he required in order to "perform the job effectively" and whether he was denied those accommodations. Indeed, defendants persuasively argue that, as a manager, plaintiff likely had the ability to "self-accommodate." In light of plaintiff's failure to present evidence of a disputed fact, the Court GRANTS defendant's motion for summary judgment as to plaintiff's interactive process claim.

**F.    Plaintiff's Claim for Wrongful Termination in Violation of Public Policy**

A claim for wrongful termination in violation of public policy is a common-law claim judicially created by the California Supreme Court in Tameny v. Atlantic Richfield Co., 27 Cal. 3d 167 (1980). To prove a claim for wrongful termination in violation of public policy, a plaintiff must establish (1) an employer-employee relationship; (2) termination or other adverse employment action; (3) the termination or adverse action was a violation of public policy; (4) the termination or adverse action was a legal cause of Plaintiff's damages; and (5) the nature and extent of the damages. Holmes v. General Dynamics Corp., 17 Cal. App. 4th 1418, 1426 n.8 (1993).

Here, plaintiff's wrongful termination claim is predicated upon the public policies embodied in FEHA. See Compl. ¶ 48. Because plaintiff's FEHA claims fail, his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**            **'O'**

| Case No. | 2:13-cv-06369-CAS(MRWx) | Date | January 5, 2015 |
|---|---|---|---|
| Title | GILBERT A. MARTINEZ V. OLD DOMINION FREIGHT LINE INC. ET AL. | | |

wrongful termination claim fails as well.  See Hanson v. Lucky Stores, Inc., 74 Cal. App. 4th 215, 219 (1999) ("[B]ecause Hanson's FEHA claim fails, his claim for wrongful termination in violation of public policy fails.").  Accordingly, the Court GRANTS defendant's motion for summary judgment as to this claim.

### G.    Plaintiff's Claim for Negligent Supervision

Plaintiff asserts a claim for negligent supervision, contending that Old Dominion knew or should have known that its employees were taking discriminatory and retaliatory actions against him.  The Court finds that plaintiff's claim fails as a matter of law, since California's "[w]orkers' compensation law bars negligence claims by employees against their employers."  Zamora v. Sacramento Rendering Co., 2007 WL 137239, at *6 (E.D. Cal. Jan. 17, 2007) (citing Coit Drapery Cleaners, Inc. v. Sequoia Ins. Co., 14 Cal. App. 4th 1595, 1605-06 (1003)); see also Greenwald v. Bohemian Club, Inc., 2008 WL 2331947, *8 (N.D. Cal. June 4, 2008) ("The clear majority of decisions have held that employee claims alleging negligent conduct of the employer are preempted by workers' compensation." citing Gantt v. Sentry Ins., 1 Cal. 4th 1083, 1086 (1992))).  Accordingly, the Court GRANTS defendant's motion for summary judgement with regard to plaintiff's claim for negligent supervision.

## V.    CONCLUSION

In accordance with the foregoing, the Court GRANTS defendant's motion for summary judgment in its entirety.

IT IS SO ORDERED.

|  | 00 | : | 14 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |